ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ERIC D. VANDEVELDE (Cal. Bar No. 240699)
STEPHANIE S. CHRISTENSEN (Cal. Bar No. 236653)
Assistant United States Attorneys
Cyber & Intellectual Property Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2576/3756
    Facsimile: (213) 894-8601
    E-mail: eric.vandevelde@usdoj.gov
            stephanie.christensen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 12-798-JAK |
| | ) |
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> |
| | ) <u>RAYNALDO RIVERA</u> |
| v. | ) |
| | ) |
| RAYNALDO RIVERA, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

1.  This constitutes the plea agreement between Raynaldo Rivera ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

//

//

# DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Raynaldo Rivera</u>, CR No. 12-798-JAK, which charges defendant with conspiracy, in violation of 18 U.S.C. § 371, with the object of the conspiracy being to intentionally cause damage without authorization to a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(I).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

1          h.    Not seek the discharge of any restitution

2  obligation, in whole or in part, in any present or future

3  bankruptcy proceeding.

4  THE USAO'S OBLIGATIONS

5      3.    The USAO agrees to:

6          a.    Not contest facts agreed to in this agreement.

7          b.    Abide by all agreements regarding sentencing

8  contained in this agreement.

9          c.    At the time of sentencing, move to dismiss the

10 remaining count of the indictment against defendant.  Defendant

11 agrees, however, that at the time of sentencing the Court may

12 consider any dismissed charges in determining the applicable

13 Sentencing Guidelines range, the propriety and extent of any

14 departure from that range, and the sentence to be imposed.

15         d.    Except for criminal tax violations (including

16 conspiracy to commit such violations chargeable under 18 U.S.C.

17 § 371), not further criminally prosecute defendant for violations

18 of 18 U.S.C. § 1030 arising out of defendant's conduct described

19 in the agreed-to factual basis set forth in paragraph 11 below.

20 Defendant understands that the USAO is free to criminally

21 prosecute defendant for any other unlawful past conduct or any

22 unlawful conduct that occurs after the date of this agreement.

23 Defendant agrees that at the time of sentencing the Court may

24 consider the uncharged conduct in determining the applicable

25 Sentencing Guidelines range, the propriety and extent of any

26 departure from that range, and the sentence to be imposed after

27 consideration of the Sentencing Guidelines and all other relevant

28 factors under 18 U.S.C. § 3553(a).

3

1    e.   At the time of sentencing, provided that defendant
2  demonstrates an acceptance of responsibility for the offense up
3  to and including the time of sentencing, recommend a two-level
4  reduction in the applicable Sentencing Guidelines offense level,
5  pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,
6  move for an additional one-level reduction if available under
7  that section.

8    f.   Recommend that defendant be sentenced to a term of
9  imprisonment no higher than the low end of the applicable
10  Sentencing Guidelines range, provided that the offense level used
11  by the Court to determine that range is 25 or higher and provided
12  that the Court does not depart downward in offense level or
13  criminal history category.   For purposes of this agreement, the
14  low end of the Sentencing Guidelines range is that defined by the
15  Sentencing Table in U.S.S.G. Chapter 5, Part A.

16                    <u>NATURE OF THE OFFENSE</u>
17    4.   Defendant understands that for defendant to be guilty
18  of the crime charged in count one, that is, conspiracy, in
19  violation of 18 U.S.C. § 371, the following must be true:
20  (1) beginning in or about May 2011, and ending in or about
21  June 2011, there was an agreement between two or more persons to
22  intentionally and without authorization cause damage to a
23  computer used in or affecting interstate or foreign commerce or
24  communication, in violation of 18 U.S.C. § 1030(a)(5)(A); (2)
25  defendant became a member of the conspiracy knowing of at least
26  one of its objects and intending to help accomplish it; and (3)
27  one of the members of the conspiracy performed at least one overt
28  act for the purpose of carrying out the conspiracy, with the jury

                                   4

agreeing on a particular overt act that was committed.

5. Defendant understands that the crime of unauthorized impairment of a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(I), requires proof of the following: (1) defendant knowingly caused the transmission of a program, information, a code, or a command to a computer; (2) as a result of the transmission, defendant intentionally and without authorization impaired the integrity or availability of data, a program, a system, or information; (3) the impaired computer was used in or affected interstate or foreign commerce or communication; and (4) the impairment of data, a program, a system, or information resulted in loss to one or more individuals or companies totaling at least $5,000 in value during a one-year period.

## PENALTIES AND RESTITUTION

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 371, as charged in count one of the indictment, is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading

5

guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty.  The parties currently believe that the applicable amount of restitution is approximately $605,663.67, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

8.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.  Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject

defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Sony Pictures Entertainment, Inc. ("Sony Pictures"), was a major motion picture and television production company in Los Angeles County, California. Sony Pictures maintained computer systems, including database servers and servers for hosting its website, sonypictures.com, in Los Angeles County. These computer systems were used in and affected interstate and foreign commerce and communication.

"Lulz Security," or simply "LulzSec," was a group of computer hackers affiliated with the larger hacking group called "Anonymous." Starting in approximately March 2011, LulzSec conducted cyber attacks on the computer systems of various business and government entities in the United States and throughout the world. LulzSec announced and published confidential information it had stolen during such attacks on its website, lulzsecurity.com, and via its Twitter account, @LulzSec.

Defendant was a member of LulzSec who went by the username/nickname "neuron." Defendant also used the online usernames/nicknames "royal" and "wildicv." Other members of LulzSec included, among others, individuals who went by the usernames/nicknames "sabu," "topiary," "t-flow," "kayla," "recursion," "pwnsauce," "joepie," "trollpoll," and "m_nerva."

From approximately late May through early June 2011, defendant knowingly combined, conspired, and agreed with other members of LulzSec, including "sabu," "topiary," "t-flow," "kayla," "recursion," "pwnsauce," "joepie," "trollpoll," and "m_nerva," to knowingly cause the transmission of codes and commands to the computer systems of Sony Pictures described above, and as a result, intentionally and without authorization impaired and caused damage to such computer systems, in violation of 18 U.S.C. § 1030(a)(5)(A). Defendant joined LulzSec in approximately May 2011, knowing that LulzSec had previously conducted illegal cyber attacks (including computer intrusions and distributed denial of service attacks) against various individuals and corporate entities, and intending to help LulzSec conduct additional cyber attacks.

To that end, defendant, together with other members of LulzSec, committed the following acts, among others:

a. On or about May 23, 2011, defendant registered for a proxy service to attempt to hide his true Internet Protocol or "IP" address from law enforcement while defendant engaged in criminal activity as part of LulzSec. (Overt Act #1.)

b. From approximately May 27, 2011, through June 2, 2011, defendant knowingly caused the transmission of programs, information, codes, and commands, specifically, commands to execute a SQL injection attack against the

computer systems of Sony Pictures described above, and as a result of such conduct, intentionally and without authorization caused damage by impairing the integrity and availability of data, programs, systems, and information on such systems, including by flooding such systems with SQL commands and stealing confidential data contained on such systems, including personal identifying information for thousands of individuals. (Overt Acts #2 and #3.)

c. On or about June 2, 2011, defendant provided to members of LulzSec confidential information he had stolen from Sony Pictures' computer systems via the SQL injection attack. (Overt Act #4.) Those LulzSec members then published the information on the lulzsecurity.com website and via LulzSec's @LulzSec Twitter account, thereby announcing the attack and making the confidential information publicly available. (Overt Acts #5 and #6.)

As a result of defendant's conduct, Sony Pictures suffered losses of approximately $605,663.67 during the one-year period beginning on approximately May 27, 2011, including to hire computer forensic firms, to staff call centers, and to provide credit monitoring services for individuals whose personal identifying information was compromised.

<u>SENTENCING FACTORS</u>

12. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

1    13.   Defendant and the USAO agree to the following

2    applicable Sentencing Guidelines factors:

3         Base Offense Level:        6    U.S.S.G. § 2B1.1(a)(2)

4         Specific Offense
          Characteristics:

5
          Loss Amount:               +14 U.S.S.G. § 2B1.1(b)(1)(H)
6
          Re: Obtaining or
7         Disseminating
          Personal Information: +2   U.S.S.G. § 2B1.1(b)(16)

8
          Conviction under
9         § 1030(a)(5)(A):           +4   U.S.S.G. § 2B1.1(b)(17)(A)(ii)

10        Adjustments:

11        Use of Special
          Skill:                     +2   U.S.S.G. § 3B1.3
12

13   Defendant and the USAO reserve the right to argue that additional

14   specific offense characteristics, adjustments, and departures

15   under the Sentencing Guidelines are appropriate.

16        14.   Defendant understands that there is no agreement as to

17   defendant's criminal history or criminal history category.

18        15.   Defendant and the USAO reserve the right to argue for a

19   sentence outside the sentencing range established by the

20   Sentencing Guidelines based on the factors set forth in 18 U.S.C.

21   § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

22                     <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

23        16.   Defendant understands that by pleading guilty,

24   defendant gives up the following rights:

25             a.   The right to persist in a plea of not guilty.

26             b.   The right to a speedy and public trial by jury.

27             c.   The right to be represented by counsel -- and if

28   necessary have the court appoint counsel -- at trial.  Defendant

                                    10

understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

   d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e.   The right to confront and cross-examine witnesses against defendant.

   f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

   17.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

   18.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 60 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine

and impose any portion of the sentence; (b) the term of
imprisonment imposed by the Court; (c) the fine imposed by the
court, provided it is within the statutory maximum; (d) the
amount and terms of any restitution order, provided it requires
payment of no more than $605,663.67; (e) the term of probation or
supervised release imposed by the Court, provided it is within
the statutory maximum; and (f) any of the following conditions of
probation or supervised release imposed by the Court: the
conditions set forth in General Orders 318, 01-05, and/or 05-02
of this Court; the drug testing conditions mandated by 18 U.S.C.
§§ 3563(a)(5) and 3583(d); and the alcohol and drug use
conditions authorized by 18 U.S.C. § 3563(b)(7).

19.    The USAO agrees that, provided (a) all portions of the
sentence are at or below the statutory maximum specified above
and (b) the Court imposes a term of imprisonment of no less than
57 months, the USAO gives up its right to appeal any portion of
the sentence, with the exception that the USAO reserves the right
to appeal the amount of restitution ordered if that amount is
less than $605,663.67.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

20.    Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and
succeeds in withdrawing defendant's guilty plea on any basis
other than a claim and finding that entry into this plea
agreement was involuntary, then (a) the USAO will be relieved of
all of its obligations under this agreement; and (b) should the
USAO choose to pursue any charge that was either dismissed or not
filed as a result of this agreement, then (i) any applicable

statute of limitations will be tolled between the date of
defendant's signing of this agreement and the filing commencing
any such action; and (ii) defendant waives and gives up all
defenses based on the statute of limitations, any claim of pre-
indictment delay, or any speedy trial claim with respect to any
such action, except to the extent that such defenses existed as
of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21.  Defendant agrees that if the count of conviction is
vacated, reversed, or set aside, both the USAO and defendant will
be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

22.  This agreement is effective upon signature and
execution of all required certifications by defendant,
defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

23.  Defendant agrees that if defendant, at any time after
the signature of this agreement and execution of all required
certifications by defendant, defendant's counsel, and an
Assistant United States Attorney, knowingly violates or fails to
perform any of defendant's obligations under this agreement ("a
breach"), the USAO may declare this agreement breached.  All of
defendant's obligations are material, a single breach of this
agreement is sufficient for the USAO to declare a breach, and
defendant shall not be deemed to have cured a breach without the
express agreement of the USAO in writing.  If the USAO declares
this agreement breached, and the Court finds such a breach to
have occurred, then: (a) if defendant has previously entered a

13

guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

25. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the

prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

28. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

29.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____          ___10/5/12____
ERIC O. VANDEVELDE                        Date
STEPHANIE S. CHRISTENSEN
Assistant United States Attorneys


_____          _____
RAYNALDO RIVERA                           Date
Defendant


_____          _____
JASON S. LEIDERMAN                        Date
Attorney for Defendant
Raynaldo Rivera

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          29.   The parties agree that this agreement will be

3    considered part of the record of defendant's guilty plea hearing

4    as if the entire agreement had been read into the record of the

5    proceeding.

6    AGREED AND ACCEPTED

7    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA
8
     ANDRÉ BIROTTE JR.
9    United States Attorney

10

11   _____          _____
     ERIC D. VANDEVELDE                        Date
12   STEPHANIE S. CHRISTENSEN
     Assistant United States Attorneys
13

14   _____          ___10/04/12_____
     RAYNALDO RIVERA                           Date
15
     Defendant
16

17

18   _____          _____
     JASON S. LEIDERMAN                        Date
     Attorney for Defendant
19   Raynaldo Rivera

20

21

22

23

24

25

26

27

28

                                  17

1      PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          29.   The parties agree that this agreement will be

3   considered part of the record of defendant's guilty plea hearing

4   as if the entire agreement had been read into the record of the

5   proceeding.

6   AGREED AND ACCEPTED

7   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA
8
    ANDRÉ BIROTTE JR.
9   United States Attorney

10

11   _____          _____
    ERIC D. VANDEVELDE                          Date
12   STEPHANIE S. CHRISTENSEN
    Assistant United States Attorneys
13

14

15   _____          _____
    RAYNALDO RIVERA                             Date
16   Defendant

17                                              5 OCTOBER 2012

18   _____          Date
    JASON S. LEIDERMAN
    Attorney for Defendant
19   Raynaldo Rivera

20

21

22

23

24

25

26

27

28

                              17

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

RAYNALDO RIVERA
Defendant

10/04/12
Date

1   CERTIFICATION OF DEFENDANT'S ATTORNEY

2       I am Raynaldo Rivera's attorney. I have carefully and
3   thoroughly discussed every part of this agreement with my client.
4   Further, I have fully advised my client of his rights, of
5   possible pretrial motions that might be filed, of possible
6   defenses that might be asserted either prior to or at trial, of
7   the sentencing factors set forth in 18 U.S.C. § 3553(a), of
8   relevant Sentencing Guidelines provisions, and of the
9   consequences of entering into this agreement. To my knowledge:
10  no promises, inducements, or representations of any kind have
11  been made to my client other than those contained in this
12  agreement; no one has threatened or forced my client in any way
13  to enter into this agreement; my client's decision to enter into
14  this agreement is an informed and voluntary one; and the factual
15  basis set forth in this agreement is sufficient to support my
16  client's entry of a guilty plea pursuant to this agreement.

17

18  _____          5 OCTOBER 2012
    JASON S. LEIDERMAN                        Date
19  Attorney for Defendant
    Raynaldo Rivera
20

21

22

23

24

25

26

27

28

                              19